KNIGHT v. BROWN et al. (No. 102—40.)

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

1. BROKERS (§ 63*)—COMPENSATION—FAILURE TO COMPLETE TRANSACTION—REFUSAL OF PRINCIPAL.

If a deed was put in escrow, to be delivered upon collection of a check on the purchase price, with the agreement between all the parties that the purchaser should deduct from the purchase price and pay the broker the commission that the vendors had agreed to pay, the vendors, by refusing to complete the transaction, became liable to the broker for his commission; it being plainly in the contemplation of the parties, and impliedly agreed, that the sale should be consummated according to the agreement, and the vendors, by refusing to complete the transaction, prevented the broker from collecting his commission from the purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. § 63.*]

2. BROKERS (§ 88*) — ACTIONS FOR COMPENSATION — TRIAL — QUESTIONS FOR JURY.

Whether the vendors were liable to the broker for his commission, upon their refusing to complete the sale, held, under the evidence, to be a question of fact for the jury.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

Appeal from Trial Term, Broome County.

Action by Elmer E. Knight against Sherman Brown and another. From a judgment for defendants, and an order denying a new trial, plaintiff appeals. Reversed and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Herbert C. Kibbe, of Sidney (T. B. Merchant, of Binghamton, of counsel), for appellant.

Edmund B. Jenks, of Whitney Point, for respondents.

LYON, J. This action was brought by the plaintiff, a real estate broker, to recover commissions upon the sale of a farm owned by the defendants as tenants by the entirety. Concededly through the efforts of the plaintiff a parol agreement of sale was made in July, 1912, be-

tween the defendants and one Croft, in pursuance of which a deed of the farm to Croft was executed by the defendants, and a check for the amount of the cash payment was drawn by Croft payable to the defendant Sherman Brown, and indorsed by him, and both were placed in escrow, in the hands of the attorney who prepared the deed, with instructions to him to deliver the deed to Croft upon the collection of the check, which was drawn upon a bank in Lockport, and which the attorney placed in the hands of his local bank for collection. Before the check, which was collectible, could be presented for payment, the defendants changed their minds, or, as the defendant Sherman Brown testified, "I backed out of the bargain I had made," and directed payment of the check stopped, and that it be returned to the local bank, which was done, after which the attorney tendered the check to the defendants, who refused to receive it, whereupon the attorney mailed it to Croft, who retained it. Croft, who was at all times ready and willing to consummate the purchase, demanded the deed, through the plaintiff, as his representative, of each of the defendants, as well as of the attorney, with whom it had been left in escrow, and each refused to deliver it. The defendants having refused to pay the plaintiff any commissions, this action was brought.

As before stated, these facts were conceded; but the parties differ as to the agreement between themselves relative to the payment of commissions. The plaintiff claims that at the outset defendants asked $3,200 for the farm, which price was subject to the payment of 5 per cent. commissions in case plaintiff should succeed in making a sale, but that, Croft refusing to pay that sum, defendants told plaintiff he might make the sale at $3,100, in which event defendants would pay plaintiff commissions of $100. The plaintiff and Croft testified that the sale was made at that sum, but that upon Croft learning that a payment of $150 would become due upon one of the mortgages in the fall, and that payments aggregating $750 would be required to be made by him on or before November 1st upon the basis of a sale of the farm at $3,-100, Croft said he could not handle it, and decided that he could not take the place, whereupon plaintiff, after some hesitation, said that, rather than see the deal fall through, he would wait for his commissions until Croft was able to pay them, thus reducing the payments to $650, which Croft said he could make, and thereupon the plaintiff, defendants, and Croft agreed to meet at the attorney's office the following day, at which time the deed was executed, the check given for the difference between the amount of the principal and interest of the mortgages as of November 1st and the sum of $3,000, and the deed and check placed in escrow as before stated. The plaintiff and Croft testified upon the trial that it was then agreed that the commissions of $100 should be deducted from the purchase price of $3,100, and that plaintiff should wait for the payment thereof until it was convenient for Croft to make it. Upon the other hand, the defendants denied the making of the agreement as testified to by plaintiff and Croft, and claimed that the only sum mentioned between plaintiff and defendants as the price of the farm was $3,000, and that the defendants refused to be liable for the payment of any commissions whatever to plaintiff, but told plaintiff that he must look to the purchaser for his commis-

sions and could have whatever sum he could get for the farm above $3,000. The consideration mentioned in the deed was $1.

In his charge the court submitted to the jury the question as to what the bargain was between the plaintiff and defendants as to the commissions he was to receive upon a sale of the farm, but instructed the jury as matter of law that, if the plaintiff agreed to accept Croft as the person to pay the commissions, the plaintiff could not recover in the action. Following the charge and the retirement of the jury, the jury returned into court, stating their inability to agree and requesting further instructions, the court said:

"It was my duty to instruct you as a proposition of law that if all three of the parties agreed between themselves that the plaintiff would take Croft as paymaster for his commissions, and the check which Croft was to give Brown was reduced $100, and all three consented to this agreement, then he cannot recover in this action. It is just as I illustrated to you before: If Brown was owing Knight, and Croft was owing Brown, and they agreed that Croft should pay Knight, instead of paying Brown, and then Brown paying Knight, Brown was thereby released, and the plaintiff cannot recover in this action."

The record following these instructions is as follows:

"Plaintiff's counsel said: 'I request your honor to charge that if the plaintiff consented to accept payment of his commissions direct from Croft, instead of having Croft pay same to Brown and Brown to him, and there was in the same agreement a promise, express or implied, that the defendant would consummate the deal by delivering the deed, and if the defendant failed to keep his part of the agreement, and himself first broke the agreement by refusing to deliver the deed, and the plaintiff only intended to release Brown, and Croft only intended to become bound to plaintiff for the commission when the deed was delivered, then the plaintiff is entitled to recover in this action.' The court said, 'I will decline to charge that entire, as I do not believe it is all true,' and said to the jury that this was no determination as to whether or not the plaintiff could recover his commissions for his work in effecting the sale. Then one of the jurors said: 'By refusing to charge as counsel has requested, your honor determines that the plaintiff is not entitled to recover his commissions upon this agreement.' The court said: 'We have not determined that. We are not determining that, and do not care to in this action. He ought not to lose his commissions.' The same juror said: 'But he will lose them under this instruction of yours.' The court replied: 'We are not determining whether he has a right to recover his commissions from Mr. Croft. He could recover them from Mr. Croft, and Mr. Croft could have held the place, and could have held Brown to the agreement to sell the place, had he seen fit, and Croft is still liable for these commissions; but if it was agreed between the three parties that the plaintiff was to accept Croft as paymaster, it is as if Brown was owing the plaintiff, and Croft was owing Brown, and the plaintiff consenting to release his claim against Brown, and Brown consented to transfer to the plaintiff so much of the debt which Croft owed him, and the plaintiff was to accept Croft as paymaster and look to him for his pay, and all three agreed to it, he thereby released the obligation as against Brown.' "

To these instructions and the refusal of the court to charge the plaintiff excepted. The jury rendered a verdict of no cause of action. From the judgment entered thereon, and from the order denying plaintiff's motion for a new trial, this appeal has been taken.

In his brief upon this appeal the counsel for the respondent very properly says:

"We regard the trial judge's charge as equivalent to the direction of a verdict of no cause of action, and therefore concede that the appellant is entitled upon this appeal to have considered the facts most favorable to a recovery by him which the jury could have found from the evidence."

[1, 2] We think the court erred in its instructions that, as matter of law, Croft was liable to the plaintiff for the amount of the commissions, and that the plaintiff, by accepting Croft as paymaster, thereby released the obligation as against Brown. According to the evidence upon the part of the plaintiff, Croft was at all times ready and willing to perform the contract upon his part, and the $100 to be paid by Croft was part of the purchase price of the farm. If Croft could have been compelled to pay this portion of the purchase price, there would seem to be no good reason why he could not have been compelled to pay the balance of the purchase price, notwithstanding the fact that the defendants herein refused to deliver the deed or to carry out the agreement of sale upon their part. Furthermore, according to the evidence upon the part of the plaintiff, $100 of commissions was in fact being paid by the defendants, as it was being paid out of the purchase price of the farm; but in order to effect a sale, defendants apparently not being inclined to waive the payment of any portion of the purchase price, the plaintiff consented to await the convenience of the purchaser, who was evidently responsible, for the payment of the commissions, and thereby an agreement of sale was reached by reason of which plaintiff became entitled to his commissions, to be paid out of the purchase price of the farm, and which was followed the next day by the execution of the deed and check and their being deposited in escrow. The defendants, as well as Croft and the plaintiff, were parties to the agreement, and as Croft was to pay the commissions to plaintiff out of the purchase price of the farm, it was plainly in contemplation of all the parties, and impliedly agreed, that the sale should be consummated according to the agreement; hence when defendants, by refusing to accept the payment from Croft and to deliver the deed, prevented plaintiff collecting the commissions to which he was entitled, we think, assuming the evidence introduced by the plaintiff to truly state the facts, that the defendants rendered themselves liable to plaintiff, and that under all the evidence the right of the plaintiff to recover in this action was a question of fact for the determination of the jury.

The judgment and order appealed from should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.